IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

TERANCE DAWSON,         )
                                 )
       Plaintiff,         )
                                 )
v.                        )      CIVIL ACTION NO. 10-00376-WS-N
                                 )
BYRON JOSEPH PIGGOTT, et al.,   )
                                 )
       Defendants.     )

ORDER

This matter is before the Court on a motion (doc. 13) filed by Sally Nelson, a defendant herein,  to stay the Rule 26(f) conference scheduling order, which refers to the requirement set forth in the Preliminary Scheduling Order entered on September 2, 2010 (doc. 11) "to meet and file a report pursuant to Fed.R.Civ.P. 26(f) as soon as practicable but not later than **OCTOBER 18, 2010**" (emphasis in original).   Upon consideration, the motion to stay is **GRANTED**.

Ms. Nelson's motion is predicated on her pending motion to dismiss (doc. 10) based on this defendant's alleged immunity and on plaintiff's claims being procedurally barred by the expiration of the applicable statute of limitations. [1] The Eleventh Circuit has held that

---

[1] Pending as well in this case is a motion to dismiss (doc. 7) filed by the remaining defendant, Byron Joseph Piggott, an Alabama State Trooper, which is similarly based upon immunity and the statute of limitations bar to plaintiff's claims.

> [f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, (footnote omitted) should . . . be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true.

Chudasama v. Mazda Motor Corporation, 123 F.3d 1353, 1367 (11th Cir. 1997), *citing*

Mitchell v. Duval County Sch. Bd., 107 F.3d 837, 838 n. 1 (11th Cir. 1997) (per curiam).

The Eleventh Circuit has further held that "neither the parties nor the court have any need for discovery before the court rules on the motion [to dismiss]." *Id.*, *citing* Kaylor v. Fields, 661 F.2d 1177, 1184 (8th Cir. 1981) ("Discovery should follow the filing of a well-pleaded complaint. It is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim."). The Circuit Court expressed its rationale behind the decision as follows:

> If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery (footnote omitted) should be eliminated before the discovery stage, if possible. (footnote omitted)

Chudasama, 123 F.3d at 1368. *See also*, Horsley v. Feldt, 304 F.3d 1125, 1131 n. 2 (11th Cir. 2002)(Suspension of discovery was not an abuse of discretion "because the defendants' motions for judgment on the pleadings are challenges to the legal sufficiency of [plaintiff's] complaint that 'present a purely legal question [and] [f]or that reason, there was no need for discovery before the district court ruled on those motions.").

It is, therefore, **ORDERED** that Ms. Nelson's motion to stay the Court's Rule 26(f) Conference requirement (doc. 13) is hereby **GRANTED** in that all requirements in the Preliminary Scheduling Order to meet and confer are hereby STAYED pending a ruling on defendants' respective motions to dismiss. If the Court denies either of the defendant's motions to dismiss, the parties are **ORDERED** to meet and file a report of parties' planning meeting (Rule 26(f) report) within fourteen (14) days after receipt of the District Court's ruling.

**DONE** this 9th day of September, 2010.

/s/ Katherine P. Nelson
KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE