IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

TERANCE DAWSON, )
 )
    **Plaintiff,** )
 )
v. ) CIVIL ACTION 10-0376-WS-N
 )
BYRON JOSEPH PIGGOTT, etc., et al., )
 )
    **Defendants.** )

## ORDER

This matter is before the Court on the defendants' motions to dismiss. (Docs. 7, 10). The parties have submitted briefs in support of their respective positions, (Docs. 8, 10, 15-17), and the motions are ripe for resolution. After carefully considering the foregoing and other relevant material in the file, the Court concludes that both motions are due to be granted.

## BACKGROUND

The complaint alleges that, on May 26, 2008, defendant Piggott stopped the plaintiff and cited him for not wearing a seat belt. When the plaintiff protested, Piggott asked to see his driver's license. The plaintiff could not produce the license because it was in the trunk of the vehicle. Piggott confirmed with a dispatcher that the plaintiff had a valid license but cited him for not having it on his person, a violation of Ala. Code § 32-6-9. He was given a court date of July 17, 2008.

On July 14, 2008, the plaintiff presented at the clerk's office with proof of his valid driver's license. He was advised that, upon doing so, such cases are normally nolle prossed. However, he was informed by the clerks that defendant Nelson, a bailiff, had instructed them they could not nolle prosse the charge unless the plaintiff paid court

costs, because Piggott had written a letter to the judges and district attorney requesting this special handling of his case.

The plaintiff did not pay court costs. Instead, he appeared in court on July 17, 2008. Upon the plaintiff's showing that he possessed a valid driver's license, the judge dismissed the charge, apparently without requiring him to pay costs.

The complaint contains six counts: (1) retaliation; (2) illegal seizure and detention; (3) selective enforcement/equal protection; (4) due process; (5) malicious prosecution; and (6) abuse of process. (Doc. 1 at 4-8). The second, third and fourth claims allege violations of the Constitution, with the others brought under Alabama law.

## DISCUSSION

The defendants offer a number of arguments in favor of dismissal. Two will suffice.

### I. Statute of Limitations.

"Dismissal under Federal Rule of Civil Procedure 12(b)(6) on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 (11th Cir. 2005) (internal quotes omitted).

#### A. Federal Claims.

The plaintiff brings his constitutional claims through the vehicle of 42 U.S.C. § 1983. (Doc. 1 at 1, ¶ 1). "[T]he two-year limitations period of Ala. Code § 6-2-38(*l*) applies to section 1983 claims in Alabama." *Baker v. Birmingham Board of Education*, 531 F.3d 1336, 1337 (11th Cir. 2008) (internal quotes omitted); *accord Alexander v.*

*Fulton County*, 207 F.3d 1303, 1346 (11th Cir. 2000).[1]  Both defendants argue that the plaintiff's federal claims are barred by this limitations period. (Doc. 11 at 4-5).

For purposes of Section 1983, the limitations period begins to run when the cause of action accrues. *Smith v. McClammy*, 740 F.2d 925, 927 (11th Cir. 1984). A cause of action accrues "when facts supportive of a ... civil rights action are or should be apparent to a reasonably prudent person similarly situated." *Id*. (internal quotes omitted); *accord McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008). The relevant facts include the existence of an injury and who has inflicted the injury. *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003).[2]

This action was filed on July 19, 2010. The plaintiff's constitutional claims, to the extent based on the events of May 26, 2008, are thus barred by the statute of limitations.[3] Whether his remaining federal claims are similarly barred depends on when they accrued.

The complaint establishes that facts supporting the plaintiff's federal causes of action were or should have been apparent to him as of July 14, 2008. On that date he learned: (1) that cases such as his are routinely dismissed; (2) that his case would not be dismissed the same as others; (3) that his case would be dismissed only if he paid court costs; (4) that Piggott was responsible for this unusual and unfavorable treatment; and (5) that Nelson was the person enforcing Piggott's request. The plaintiff already knew (or

---

[1] A four-year limitations period applies if the Section 1983 claim arises under an Act of Congress enacted after December 1, 1990. *Baker*, 531 F.3d at 1337. The plaintiff's Section 1983 claims, however, are based on constitutional provisions and are therefore subject to the two-year limitations period.

[2] The plaintiff and Piggott cite tests for accrual articulated and utilized in the arena of securities law. (Doc. 15 at 1, ¶¶ 4-5; Doc. 17 at 2). They have not explained why the Court should ignore the test designed expressly for Section 1983 claims in favor of one designed for a quite different context, and the Court declines to do so.

[3] This ruling appears to extend only to one portion of the plaintiff's claim of illegal seizure and detention. It is not clear that the plaintiff could have been seized or detained at any time other than May 26, 2008. However, this count also alleges that it is based on Piggott's subsequent seeking of court costs and Nelson's forbidding the clerks to nolle prosse the charge without such payment.

believed) that Piggott was improperly targeting him on the driver's license citation because he had challenged the seat belt citation. The plaintiff suffered injury on July 14, because he came to the courthouse to show his license and have his case dismissed but was denied this routine treatment. In short, by July 14 the plaintiff was in possession of sufficient facts to support his constitutional claims against the defendants, and those claims accrued on that date.[4]

The plaintiff argues that accrual occurred only on July 17, when he appeared before the judge. It was then he learned that he could not legally be required to pay court costs on a charge of violating Section 32-6-9 after producing a valid driver's license in effect at the time of arrest. Only at that point, he says, did he realize that Piggott and Nelson had no authority under state law to act as they did. (Doc. 15 at 2, ¶ 8; *id*. at 5, ¶ 22). Because July 17, 2010 was a Saturday, he concludes that his filing on July 19, 2010, the next business day, was timely.

The plaintiff argues in essence that he could not sue the defendants for violations of *federal* law until he knew they had violated *state* law. This is a non sequitur. State law, whether or not it blessed the defendants' conduct, could not prevent a violation of federal law from occurring. That Piggott and Nelson may have acted beyond the authority given them by state law is not an indispensable fact, without which the plaintiff could have no federal claim. Actual or constructive awareness that Piggott and Nelson violated state law was thus irrelevant to the accrual of the plaintiff's federal claims.

In the alternative, the plaintiff suggests he suffered fresh constitutional violations on July 17, because he was forced to appear for trial on that date. (Doc. 15 at 2, ¶ 11). Attending court, however, was not a separate constitutional violation but merely a

---

[4] Piggott suggests the accrual date should be pegged at May 27, 2008, because that is the date he wrote his letter requesting that the plaintiff be required to pay court costs. (Doc. 17 at 3 n.1). As noted in text, however, accrual cannot occur before the plaintiff has actual or constructive knowledge that he has been injured and of who inflicted the injury. Piggott has not explained how the mere writing of a letter of which the plaintiff was unaware could possibly satisfy these requirements for accrual.

continuation of the injury, first felt on July 14, caused by the pre-existing violations. As such, it is legally insufficient to render his action timely. *See Rozar v. Mullis*, 85 F.3d 556, 563 (11th Cir. 1996) (the plaintiffs' Section 1983 claim accrued when the defendant county commissioners voted to select a particular site for a landfill and not when they later acquired an ownership interest in the site, because the vote "was the operative decision amounting to the alleged constitutional injury").

In summary, the plaintiff's federal claims accrued on July 14, 2008 and are thus barred by the statute of limitations.

### B. State Claims.

Piggott, but not Nelson, argues that the plaintiff's state claims are also barred by the statute of limitations. (Doc. 8 at 5). "All actions for malicious prosecution must be brought within two years." Ala. Code § 6-2-38(h). The parties identify no statute expressly addressing claims of retaliation and abuse of process, but a residual provision states that "[a]ll actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years." *Id*. § 6-2-38(*l*). Piggott invokes this provision, and the plaintiff does not deny that it applies. The Court therefore assumes for present purposes that a two-year limitations period applies to each of the plaintiff's state claims.

"The very basic and long settled rule of construction of our courts is that a statute of limitations begins to run in favor of the party liable from the time the cause of action accrues." *Wheeler v. George*, 39 So. 2d 1061, 1084 (Ala. 2009) (internal quotes omitted). As with the plaintiff's federal claims, the question becomes when his state claims accrued.

"We hold that a malicious prosecution action does not accrue until the time for filing a notice of appeal in the underlying case has expired …." *Barrett Mobile Home Transport, Inc. v. McGugin*, 530 So. 2d 730, 733 (Ala. 1988). This is unsurprising, since one of the elements of such a claim is "termination [of the criminal proceedings] in favor of the plaintiff." *Moon v. Pillion*, 2 So. 3d 842, 845 (Ala. 2008) (internal quotes

omitted). The parties have not identified what the applicable appeal period is, but it does not matter. The criminal proceedings were not terminated in district court until July 17, 2008, and the complaint in this action was filed within two years thereafter. *See* Fed. R. Civ. P. 6(a)(1)(C) (when the last day of a statutory time period is a Saturday, the period "continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday). The malicious prosecution claim is not barred by the statute of limitations.

Piggott neither identifies the elements of a claim for retaliation or abuse of process nor addresses when such a claim accrues. The Court declines to perform this task for him. Without such a showing, he cannot establish that the limitations period expired before July 19, 2010.

In summary, the defendants are not entitled to dismissal of the state claims based on the statute of limitations.

## II. Supplemental Jurisdiction.

In lieu of a limitations argument, Nelson argues that, since the federal claims are due to be dismissed, the Court should decline to exercise jurisdiction over the state claims. (Doc. 10 at 3-4). The plaintiff does not respond to this argument.

The plaintiff brings this action only under 28 U.S.C. §§ 1331 and 1343. (Doc. 1 at 1, ¶ 1). He does not invoke diversity jurisdiction under Section 1332, and it is clear from the complaint that both he and the defendants are citizens of Alabama. (*Id*., ¶¶ 3-5). This means that the only claims over which the Court has original jurisdiction are the federal claims. As discussed in Part I.A, those claims are due to be dismissed.

The Court has jurisdiction over the plaintiff's state-law claims only because they fall within its supplemental jurisdiction as provided in 28 U.S.C. § 1367(a). The Court is not required to exercise supplemental jurisdiction in all cases. In particular, "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if … the district court has dismissed all claims over which it has original jurisdiction …." *Id*. § 1367(c)(3).

This language invests the Court with discretion to exercise, or not to exercise, supplemental jurisdiction. *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006). In exercising its discretion under Section 1367(c), "the court should take into account concerns of comity, judicial economy, convenience, fairness, and the like." *Cook ex rel. Estate of Tessier v. Sheriff of Monroe County*, 402 F.3d 1092, 1123 (11th Cir. 2005) (internal quotes omitted). However, "[w]e have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." *Raney v. Allstate Insurance Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004). This preference exists because, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine ─ judicial economy, convenience, fairness, and comity ─ will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7 (1988). The preference is particularly strong when the federal claims "have dropped out of the lawsuit in its early stages." *Id.* at 350.

When the federal claims drop out long before trial, considerations of comity and fairness among the parties favor remand. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, ... the state claims should be dismissed as well.").[5] Thus, retention of jurisdiction in this

---

[5] Were dismissal of this action to leave the plaintiff unable to re-file his state claims in state court due to expiration of the statute of limitations, a serious question of unfairness would be presented. *E.g., Beck v. Prupis*, 162 F.3d 1090, 1100 (11th Cir. 1998). Congress, however, has provided that, when a court declines to exercise supplemental jurisdiction, any state limitations period "shall be tolled while the claim is pending [in federal court] and for a period of 30 days after it is dismissed." 28 U.S.C. § 1367(d). The Supreme Court has upheld this provision as constitutional. *Jinks v. Richland County*, 538 U.S. 456, 465 (2003). Thus, the plaintiff has the opportunity to pursue his state claims in state court without subjecting them to any limitations defense to which they are not already subject.

case is indicated only if considerations of judicial economy and convenience favor such retention and do so with sufficient force to outweigh the continuing pull of comity and fairness towards remand.

Impacts on judicial economy are measured in order to "support the conservation of judicial energy and avoid multiplicity in litigation" or "substantial duplication of effort." *Parker*, 468 F.3d at 746 (internal quotes omitted). The Court discerns no appreciable negative impact on judicial economy by remanding this action to state court. Remand will not require the state court to undertake more work, or expend more time, than would this Court were the state claims to remain here. Judicial economy may well be enhanced, since the sole remaining claims raise issues with which a state court should be more familiar.

The plaintiff lives in Montgomery, and the defendants apparently live in or around Mobile. Wherever they or their witnesses reside, the Mobile County courthouse is not half a mile from this one and cannot be less convenient to the parties and witnesses.

After considering the factors identified by the Supreme Court and the Eleventh Circuit, the Court concludes that it should exercise its discretion not to retain supplemental jurisdiction over the plaintiff's state-law claims. In such a situation, the correct disposition is dismissal without prejudice. *Dukes v. State of Georgia*, 212 Fed. Appx. 916 (11th Cir. 2006).

## CONCLUSION

For the reasons set forth above, the defendants' motions to dismiss are **granted**. The plaintiff's federal claims are **dismissed with prejudice** and his state claims are **dismissed without prejudice**.

DONE and ORDERED this 21st day of October, 2010.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE